**ALD-264**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1067
_____

UNITED STATES OF AMERICA

v.

FRANCISCO SANTANA,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 4-95-00068-001)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2015

Before:  CHAGARES, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: July 21, 2015)
_____

OPINION[*]
_____

PER CURIAM

Francisco Santana, a federal inmate, appeals the denial of a post-conviction

motion seeking a modification of a sentence imposed in 1995.  We will affirm.

In 1990, Santana received a 50-year prison sentence in a drug-conspiracy case. In 1995, Santana pleaded guilty to assaulting a correctional officer and possessing a prohibited object, and the District Court for the Middle District of Pennsylvania imposed concurrent thirty-month sentences to run consecutively to the 1990 sentence. In 2014, Santana filed a motion asking the District Court to run his 1995 convictions concurrently with his 1990 sentence. Santana titled the motion: "Ex-Parte Motion[:] Special Reconsideration Petition for a Concurrent Sentence Versus Current Consecutive Sentence." The District Court construed the pleading as a motion for reconsideration and denied the motion because Santana had not satisfied the grounds for reconsideration.

Santana appealed. On appeal, Santana argues the District Court misconstrued his motion and asserts that he was simply giving the District Court an opportunity to resentence him in light of changes in federal sentencing law and his post-sentencing rehabilitation.

We have jurisdiction under 28 U.S.C. § 1291. We conclude the District Court did not err in its decision to deny Santana relief. Neither this Court nor the District Court possesses a general authority to modify federal criminal sentences. See, e.g., 28 U.S.C. § 2255(a) (listing grounds to challenge a federal sentence). Moreover, regardless of how one might construe Santana's motion, he has not presented this Court or the District

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Court with a basis to grant him relief.  Santana remains free to pursue other available avenues of redress.

Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.